UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


MARIELA VILEINOR                                    PLAINTIFF


vs.                              CIVIL ACTION NO. 3:15CV-799-CRS


CHARTER COMMUNICATIONS, LLC                         DEFENDANT


## MEMORANDUM OPINION


The plaintiff, Mariela Vileinor, filed suit against her former employer, Charter Comunications, LLC, in September 2015 alleging discrimination on the basis of her religion and retaliation for reporting harassment in violation of the Kentucky Civil Rights Act. (DN 1-1). Vileinor was hired by Charter on November 17, 2014. She alleges that while she was employed, she suffered discrimination because she wears a headscarf in the practice of her Muslim faith and complained about harassment by her supervisors who purportedly told her that she could not wear it. *Id.* In an Amended Complaint filed in October 2015, she alleges that she suffered a workplace injury on September 26, 2015 which required medical treatment and rendered her unable to work. She sought workers compensation benefits after sustaining the injury. *Id.* She alleges that she was terminated on September 30, 2015 for having filed suit and for having

sought workers compensation benefits.  Charter noted in its Answers (DNs 1-1; 5) that Vileinor did not exhaust administrative remedies prior to filing suit in the Jefferson County, Kentucky, Circuit Court.

Charter removed the action to this court under our diversity jurisdiction.   (DN 1). Vileinor moved to strike the affirmative defenses denominated B, C, and N in Charter's Answer to the Amended Complaint (DN 5):

> B.  Plaintiff's claims are barred to the extent that they are based on allegations which fall outside the scope of, or are not reasonably related to, any charges filed with the applicable administrative agencies.
>
> C.  Plaintiff's claims are barred to the extent that she has failed to exhaust administrative remedies.
>
> N.  The imposition of punitive damages against Charter would violate the Constitution of the United States of America and/or the Constitution of Kentucky; moreover, Plaintiff has not sought nor pleaded facts which would satisfy the standard for such damages.

After a teleconference in December, 2015, the parties filed a Joint Stipulation  Relating to Certain Affirmative Defenses (DN 11) in which Vileinor stipulated that (1) she was not seeking relief under any federal law, (2) she had not filed a charge with an administrative agency for any of the claims asserted in this lawsuit, and (3) she was not seeking punitive damages.  Upon that agreement of stipulated facts by Vileinor, Charter agreed to voluntarily withdraw affirmative defenses B, C, and N.  The Joint Stipulation further stated:

> The Parties further agree that in the event Plaintiff amends her pleadings to either add a federal claim and/or seek punitive damages, Defendant will at that time be free to reassert affirmative defenses B, C, and N, and any other applicable affirmative defenses.

(DN 11, ¶ 5).  The motion to strike was further deemed moot by reason of the stipulation. (DNs 11, ¶ 6; 12).

Counsel for Vileinor was permitted to withdraw on July 21, 2016.  Vileinor was

afforded three months in which to retain new counsel or notify the court of her intention to proceed *pro se*. (DNs 24, 25, 27).  On October 25, 2016, Vileinor notified the court that shed intended to proceed *pro se* in the matter. (DN 32).  Vileinor participated in an April, 2017 status conference and began filing *pro se* pleadings, including:

DN 39          Complaint

DN 40          Motion for Leave to Proceed *In Forma Pauperis*

DN 41          Motion to Appoint Counsel

DN 42          Motion for Lien on Charter Communications

DN 46          Motion for Removing Children from Case

DN 47          Motion to Not Dismiss Case

DN 48          Motion for Mediation

DN 49          Motion to Revoke Any Medical Records

DN 50          Motion for Damages/Relief

DN 56          Motion to Dismiss the Disposition on July 12, 2016

DN 57          Motion for Charter Communication Misleading Photos

DN 58          Motion for Lien on Charter Communication

DN 59          Motion for Statement from Former Co-Worker

DN 60          Motion for Sandi Streicher Gave False Information

DN 61          Motion for Requesting Courts Make Charter Communications Pay for All
               Person Injury and Damages

By separate Order, Vileinor's request for appointment of counsel was considered and denied.

The essence of the other filings is that Vileinor vigorously contends that she was wronged by Charter and that Charter should be made to pay for her injuries. The pertinent filings for our purposes, however, are her Complaint (DN 39), and her Motion Not to Dismiss Case (DN 47) which responds to Charter's Motion to Dismiss (DN 43) filed shortly after the filing of the Complaint.

After removal of the action, Vileinor apparently attempted to exhaust her administrative remedies by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 28, 2016. On January 31, 2017, the EEOC issued a right to sue letter notifying her that her charge was not timely filed because more than 300 days elapsed between the alleged discriminatory behavior (January 12, 2015 to October 1, 2015) and the receipt by the EEOC of the charge. She then filed a Title VII Complaint (DN 39) on April 17, 2017.

Vileinor's Complaint (DN 39) states a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. She alleges no state law claims. The discriminatory conduct of which she complains is her termination from employment and retaliation "due to my religions." She states that the discriminatory acts occurred from January 12, 2015 through September 26, 2015 or October 1, 2015. She has checked the box on the form indicating that she believes that Charter "is…still committing these acts

against me," (DN 39, p. 5, ¶ C).  However, her Statement of Claim (DN 39, p. 4) identifies injuries she has purportedly suffered since September 26, 2015, the apparent date on which she was "removed from Charter Communications."  (DN 39, p. 4).

Charter's Motion to Dismiss was prompted by Vileinor's filing of a Title VII claim, accompanied by documentation of her unsuccessful attempt to properly exhaust her administrative remedies before the EEOC.  As provided in the Joint Stipulation, Charter reserved the right to reassert its affirmative defense of failure to exhaust administrative remedies in response to Vileinor's assertion of a federal cause of action.

The "*timely* filing of an administrative complaint is a procedural prerequisite to bringing a Title VII action in federal court."  *Schoneboom v. Michigan*, 28 Fed. Appx. 504, 505 (6th Cir. 2002)(emphasis added).

Vileinor's motion seeking to prevent dismissal of the case (DN 47) offers no facts which could in any way alter the outcome of this motion.  She again discusses the ongoing stresses and injury she purports to have suffered and continues to suffer since August/September 2015.  The timeline of events in this case is clear.  Vileinor reiterates that she has suffered constitutional violations at the hands of Charter, and reaffirms that the latest of these acts purportedly occurred on or about, but no later than October 1, 2015.

Construing the evidence in the light most favorable to Vileinor, and further taking into account that she is proceeding in this matter *pro se* and thus reading the pleadings liberally, the court finds that the motion of Charter to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12((b)(6), is well taken.  The

latest act by Charter was, by Vileinor's own admission, no later than October 1, 2015, and her complaint of discrimination was not filed with the EEOC until well beyond the 300-day period. She has no viable claim under Title VII, and the Complaint will therefore be dismissed with prejudice. A separate order will be entered herein this date in accordance with this opinion.

September 6, 2017

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Counsel of Record

Mariela Vileinor, *pro se*
1640 E. Main Street, Apt. B-12
Magnolia, AR 71753